# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW FAIRCHILD,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>CITIBANK, N.A.,<br><br>　　　　　　　　　　Defendant. | Case No.: 23-CV-1743 JLS (SBC)<br><br>**ORDER GRANTING JOINT MOTION TO STAY MATTER AND PROCEED WITH BINDING ARBITRATION**<br><br>(ECF No. 102) |

Presently before the Court is the Parties' Joint Motion to Stay Matter and Proceed with Binding Arbitration ("Joint Mot.," ECF No. 102). The Parties inform the Court that they have stipulated and agreed "to submit all disputes, claims[,] or controversies" to "neutral, binding arbitration with the American Arbitration Association" ("AAA"). Joint Mot. at 2. Accordingly, the Parties seek a stay of this litigation pending the completion of arbitration. *See id.* The Parties also ask the Court to retain jurisdiction to enforce the stipulation, as well as to "confirm, modify, or vacate" the eventual arbitral award. *Id.*

District courts have "broad discretion to stay proceedings." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Granting a stay "is appropriate when it serves the interests of judicial economy and efficiency." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997). A district court "may . . . find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of

independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). That "rule applies whether the separate proceedings are judicial, administrative, or arbitral in character." *Id.*

With the above in mind, the Court finds that granting the requested stay would best promote the interests of securing a just and speedy determination of the action. *See* Fed. R. Civ. P. 1. Accordingly, the Court **GRANTS** the Joint Motion; **APPROVES** the stipulation contained therein; **STAYS** this action pending the completion of arbitration; and **VACATES** all pending deadlines, including the Status Conference currently set April 11, 2024, before Magistrate Judge Chu. The Parties **SHALL SUBMIT** all disputes, claims, or controversies (including claims for private and public injunctive relief) involved in this action to neutral, binding arbitration with the AAA. Further, the Parties **SHALL FILE** a joint status report, *not to exceed eight (8) pages*, to update the Court on the arbitration proceedings every 120 days, starting from the date of this Order, and within 14 days of the proceedings' completion.

**IT IS SO ORDERED.**

Dated: April 9, 2024

Hon. Janis L. Sammartino
United States District Judge